1  KATHLEEN A. WATERS (SBN 194892)
   BRIAN M. HOM (SBN 240055)
2  JOSEPH V. QUATTROCCHI (SBN 257568)
   MORGAN, LEWIS & BOCKIUS LLP
3  300 South Grand Avenue
   Twenty-Second Floor
4  Los Angeles, CA 90071-3132
   Tel:     213.612.2500
5  Fax:     213.612.2501
   Email:   kwaters@morganlewis.com
6           bhom@morganlewis.com
            jquattrocchi@morganlewis.com
7
   Attorneys for Defendant
8  JPMORGAN CHASE BANK, N.A.

9

10              **UNITED STATES DISTRICT COURT**

11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12                    **WESTERN DIVISION**

13

| | |
|---|---|
| 14  RICHARD MARKOWICZ; JOLANTA MARKOWICZ; on behalf of themselves and all other situated; | Case No. 2:14-cv-03197 SJO (PJWx) |
| 15 | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)** |
| 16             Plaintiffs, | |
| 17             vs. | |
| 18  JPMORGAN CHASE BANK, N.A.; and Does 1 to 100, inclusive, | |
| 19 | |
|     Defendants. | [Filed concurrently with Defendant's Notice of Motion and Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6); Defendant's Request for Judicial Notice; Declaration of Brian M. Hom; [Proposed] Order] |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | Date:   June 2, 2014 |
| 25 | Time:   10:00 a.m.<br>Judge:  Hon. S. James Otero<br>Crtrm:  1 |
| 26 | |
| 27 | Date of Filing: March 26, 2014<br>Trial Date: Not Yet Set |

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597.

                                        MEMORANDUM OF
                                    POINTS AND AUTHORITIES

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ...................................................................1

II.    PROCEDURAL HISTORY AND BACKGROUND ......................................2

    A.     The First State Court Action And Two State Appeals ........................2

    B.     The First District Court Action ............................................3

    C.     The Current Action ........................................................3

III.   MOTION TO DISMISS ...........................................................4

IV.    ARGUMENT ...................................................................4

    A.     Plaintiffs' HELOC Claims Are Barred By *Res Judicata* ....................4

        1.     The HELOC Claims Were Raised Or Could Have Been Raised In the First State Court Action .......................................4

        2.     Judgment Was Entered On The Merits In The First State Court Action ................................................................6

        3.     The First State Court Action And The Complaint Have Identical Parties ...........................................................6

    B.     Plaintiffs' HELOC Claims Are Barred Under The *Rooker-Feldman* Doctrine ...................................................................7

    C.     Plaintiffs Fail To State A Claim For Any Cause of Action .................7

        1.     First Cause Of Action:  Plaintiffs Fail To State A Claim Under Cal. Civ. Code § 1750 ..............................................7

        2.     Second Cause Of Action:  Plaintiffs Have Failed To State A Claim For Quiet Title ...................................................8

        3.     Third Cause Of Action:  Plaintiffs Have Failed To State A Claim For Slander Of Title ............................................9

        4.     Fourth Cause Of Action:  Plaintiffs Have Failed To State A Claim For Cancellation ...............................................10

        5.     Fifth Cause Of Action:  Plaintiffs Fail to State A Claim For Violation Of The Rosenthal Act .......................................11

        6.     Sixth Cause Of Action:  Plaintiffs Fail To State A Claim For A Violation Of Cal. Bus. & Prof. Code § 17200 ...............12

        7.     Seventh, Eighth and Ninth Causes of Action:  Plaintiffs Fail To State Any Claim Under HAMP .................................15

        8.     Tenth Cause of Action:  Plaintiffs Have Failed To State A Claim For Unjust Enrichment ...........................................19

        9.     Eleventh Cause Of Action:  Plaintiffs' Declaratory & Injunctive Relief Claims Fail ........................................20

V.     CONCLUSION .................................................................20

-i-                    MEMORANDUM OF
POINTS AND AUTHORITIES

1
2

# TABLE OF AUTHORITIES

3

**Page**

4
5

## TABLE OF AUTHORITIES

6

**Page(s)**

**FEDERAL CASES**

7
8

*Alicea v. GE Money Bank*
   2009 U.S. Dist. LEXIS 51296 (N.D. Cal. 2009) ......................................... 15

9
10

*Ashcroft v. Iqbal*
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......................... 4

11
12

*Banares v. Wells Fargo Bank, N.A.*
   2014 U.S. Dist. LEXIS 29909 (N.D. Cal. 2014) ......................................... 11

13
14

*Bastida v. Indymac Bank*
   2011 U.S. Dist. LEXIS 75586 (C.D. Cal. 2011) ......................................... 16

15
16

*Bennett v. Portfolio Recovery Assocs., LLC*
   2013 U.S. Dist. LEXIS 172991 (C.D. Cal. 2013) ....................................... 12

17
18

*Brambila v. Wells Fargo Bank*
   2012 U.S. Dist. LEXIS 157203 (N.D. Cal. 2012) ......................................... 6

19

*Brodheim v. Cry*
   584 F.3d 1262 (9th Cir. 2009) ......................................................................... 7

20
21

*Canales v. Fed. Home Loan Mortg. Corp.*
   2011 U.S. Dist. LEXIS 83860 (C.D. Cal. 2011) ......................................... 12

22
23

*City of Martinez v. Texaco Trading & Transp., Inc.*
   353 F.3d 758 (9th Cir. 2003) ........................................................................... 5

24
25

*Cleveland v. Aurora Loan Servs., LLC*
   2011 U.S. Dist. LEXIS 55168 (N.D. Cal. 2011) ......................................... 16

26
27

*Coleman v. Jenny Craig, Inc.*
   2013 U.S. Dist. LEXIS 176294 (S.D. Cal. Nov. 27, 2013) ....................... 17

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-ii-

MEMORANDUM OF
POINTS AND AUTHORITIES

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Consumer Solutions REO, LLC v. Hillery*
    658 F.Supp.2d 1002 (N.D. Cal. 2009) ........................................................... 8

*Dubose v. Suntrust Mortg., Inc.*
    2012 U.S. Dist. LEXIS 55356 (N.D. Cal. 2012) ........................................... 9

*Ellis v. Reddy*
    2013 U.S. Dist. LEXIS 65210 (E.D. Cal. 2013) ........................................... 4

*Exxon Mobil Corp. v. Saudi Indus. Corp.*
    544 U.S. 280 ................................................................................................... 7

*Flores v. EMC Mortg. Co.*
    2014 U.S. Dist. LEXIS 20772 (E.D. Cal. 2014) ......................................... 9

*Gale v. Aurora Loan Servs.*
    2011 U.S. Dist. LEXIS 53577 (D. Utah 2011) ............................................ 14

*Hoffman v. Bank of Am., N.A.*
    2010 U.S. Dist. LEXIS 70455 (N.D. Cal. 2010) ......................................... 18

*Kearns v. Ford Motor Co.*
    567 F. 3d 1120 (9th Cir. 2009) ..................................................................... 15

*Klamath Water Users Protective Ass'n v. Patterson*
    204 F.3d 1206 (9th Cir. 2000) ....................................................................... 18

*Maldonado v. Harris*
    370 F.3d 945 (9th Cir. 2004) ......................................................................... 5

*Markowicz v. Superior Court*
    2013 U.S. Dist. LEXIS 72095 (C.D. Cal. 2013) (*accepted by Markowicz
    v. Superior Court*, 2013 U.S. Dist. LEXIS 72099 (C.D. Cal. 2013)) ................. 3, 7

*Martinez v. Wells Fargo Bank, N.A.*
    2014 U.S. Dist. LEXIS 53924 (N.D. Cal. Apr. 2014) ............................... 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-iii-                                    MEMORANDUM OF
                                   POINTS AND AUTHORITIES

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Moriarity v. Nationstar Mortgage, LLC*
    2014 U.S. Dist. LEXIS 26169 (E.D. Cal. 2014) ........................................................ 10

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) ........................................................ 4

*Nguyen v. Pennymac Loan Servs., LLC*
    2012 U.S. Dist. LEXIS 173519 (C.D. Cal. 2012) ........................................................ 19

*Nordhorn v. Ladish Co., Inc.*
    9 F.3d 1402 (9th Cir. 1993) ........................................................ 4, 6

*Ortiz v. Accredited Home Lenders, Inc.*
    639 F.Supp.2d 1159 (S.D.Cal. 2009) ........................................................ 9

*Palomar Mobilehome Park Ass'n v. City of San Marcos*
    989 F.2d 362 (9th Cir. 1993) ........................................................ 4, 5

*Payne v. Mono County*
    2013 U.S. Dist. LEXIS 69385 (C.D. Cal. 2013) ........................................................ 5

*Pazargad v. Wells Fargo Bank, N.A.*
    2011 U.S. Dist. LEXIS 94850 (C.D. Cal. 2011) ........................................................ 14

*Reyes-Aguilar v. Bank of Am.*
    2014 U.S. Dist. LEXIS 37036 (N.D. Cal. 2014) ........................................................ 12

*Rosas v. Carnegie Mort., LLC*
    2012 U.S. Dist. LEXIS 71262 (C.D.Cal. 2012.) ........................................................ 8, 16, 17, 20

*Rosenfeld v. JPMorgan Chase Bank, N.A.*
    732 F.Supp.2d 952 (N.D. Cal. 2010) ........................................................ 18

*Rowen v. Bank of Am., N.A.*
    2012 U.S. Dist. LEXIS 81991 (C.D. Cal. 2012) ........................................................ 15

*Sipe v. Countrywide Bank*
    690 F.Supp.2d 1141 (E.D.Cal. 2010) ........................................................ 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-iv-

MEMORANDUM OF
POINTS AND AUTHORITIES

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Sterling Sav. Bank v. Poulsen*
   2013 U.S. Dist. LEXIS 105948 (N.D. Cal. 2013).................................................... 13

*Toneman v. United States Bank*
   2013 U.S. Dist. LEXIS 98996 (C.D. Cal. 2013) ....................................................... 14

*Vaccarino v. Midland Nat'l Life Ins. Co.*
   2013 U.S. Dist. LEXIS 88612 (C.D. Cal. 2013) ....................................................... 17

*Valvoline Instant Oil Change Franchising, Inc. v. RFG, Inc.*
   2013 U.S. Dist. LEXIS 110753 (S.D. Cal. 2013) ...................................................... 17

*Velasco v. Sec. Nat'l Mortg. Co.*
   823 F.Supp.2d 1061 (D. Haw. 2011) ........................................................................ 10

*Winding v. Cal-Western Reconveyance Corp.*
   2011 U.S. Dist. LEXIS 8962 (E.D. Cal. 2011)........................................................... 13

*Yanik v. Countrywide Home Loans, Inc.*
   2010 U.S. Dist. LEXIS 115717 (C.D. Cal. 2010)......................................................... 8

*Zakar v. CHL Mortgage Pass-Through Trust 2006*
   2011 U.S.Dist. LEXIS 118763 (S.D.Cal. 2011)......................................................... 12

**CALIFORNIA CASES**

*Auerbach v. Great Western Bank*
   74 Cal.App.4th 1172 (1999)........................................................................................ 13

*Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*
   20 Cal.4th 163 (1999) ................................................................................................. 13

*Glade v. Glade*
   38 Cal.App.4th 1441 (1995). As in the First District Court Action, under
   the *Rooker-Feldman* ...................................................................................................... 7

*Khoury v. Maly's of Cal., Inc.*
   14 Cal.App.4th 612 (1993) .......................................................................................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-v-

MEMORANDUM OF
POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Krantz v. BT Visual Images*
    89 Cal.App.4th 164 (2001) ........................................................................... 13

*Lazar v. Hertz Corp.*
    69 Cal.App.4th 1494 (1999) .......................................................................... 13

*Manhattan Loft. LLC v. Mercury Liquors. Inc.*
    173 Cal.App.4th 1040 (2009) .......................................................................... 9

*Peterson v. Cellco P'ship*
    164 Cal.App.4th 1583 (2008) ......................................................................... 12

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*
    72 Cal.App.4th 861 (1999) ............................................................................ 14

*Scripps Clinic v. Superior Court*
    108 Cal.App.4th 917 (2009) .......................................................................... 14

*Shimpones v. Stickney*
    219 Cal. 637 (1934) ................................................................................... 8, 9

*Siliga v. Mortgage Electronic Registration Systems, Inc.*
    219 Cal.App.4th 75 (2013) ........................................................................... 11

**CALIFORNIA STATUTES**

*Cal. Bus. & Prof. Code* § 17200 ....................................................................12

*Cal. Bus. & Prof Code* § 17208 ....................................................................10

*Cal. Civ. Code* § 47 ........................................................................................9

*Cal. Civ. Code* § 1750 ................................................................................... 7

*Cal. Civ. Code* § 1750, *et seq.* .................................................................... 7

*Cal. Civ. Code* § 1770(a) ........................................................................... 7, 8

*Cal. Civ. Code* § 1788.1 ............................................................................... 11

MEMORANDUM OF
POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**
(continued)

**Page**

Cal. Civ. Code § 1788.30(f) ................................................................. 12

*Cal. Civ. Code* § 2924(d) ....................................................................... 9

*Cal. Civ. Code* § 3412 ..........................................................................10

*Cal. Code Civ. Proc*. §§ 337 & 343 ...................................................... 10

OTHER STATUTES

Fed. R. Civ. P. 9(b) ............................................................................... 14

Fed. R. Civ. P. 12(b)(6) ..................................................................... 1, 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-vii-

MEMORANDUM OF
POINTS AND AUTHORITIES

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N.A. ("Defendant") respectfully submits the following Memorandum of Points and Authorities in support of its concurrently filed Motion to Dismiss the Class Action Complaint ("Complaint") filed by Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6).

## I.   INTRODUCTION

By current count, this Complaint represents Plaintiffs' fifth attempt to hold Defendant responsible for alleged defects with their mortgage. All told, Plaintiffs' claims have been reviewed by five different sets of judges, including two here in the Central District, who have all uniformly held that Plaintiffs' claims against Defendant are baseless and twice entered judgment against Plaintiffs. Now, Plaintiffs bring this Complaint against Defendant based the same loan and property asking this fifth court to rule differently than the four prior courts. As with the predecessor complaints, Plaintiffs' claims are meritless and must be dismissed.

Here, Plaintiffs filed a 226-paragraph, 60-page Complaint seeking to hold Defendant responsible for actions surrounding the origination and assignment of their February, 2007, $862,500 Home Equity Line of Credit ("HELOC") obtained from Washington Mutual Bank ("WaMu"). The HELOC was secured by the deed of trust ("DOT") encumbering the real property located at 5936 Maury Ave., Woodland Hills, CA 91367 ("Property"). Plaintiffs' eleven causes of action fall within two primary categories: (1) those related to the origination, servicing and assignment of their HELOC ("HELOC Claims"); and (2) those related to their failure to secure a loan modification under the federal Home Affordable Modification Program ("HAMP") ("HAMP Claims"). As shown below, Plaintiffs' Complaint must be denied with prejudice because (i) the HELOC Claims are barred by the doctrine of *res judicata*; (ii) the HELOC Claims are also barred under the *Rooker-Feldman* Doctrine; and (iii) none of Plaintiffs' claims state a claim for which relief can be granted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

1

MEMORANDUM OF
POINTS AND AUTHORITIES

1    First, Plaintiffs' HELOC Claims are barred by the doctrine of *res judicata*.

2    Plaintiffs first bite at this judicial apple involved a state court action in the Los

3    Angeles County Superior Court relating to the HELOC claims.  The complaint was

4    dismissed on the merits and judgment was entered in Defendant's favor.

5    Second, in addition to being barred by *res judicata*, the *Rooker-Feldman*

6    Doctrine is an independent ground to preclude the HELOC Claims from being re-

7    litigated here.  The state courts have determined that these claims are meritless and

8    this Court should uphold such decisions.

9    Third, Plaintiffs do not have a legal basis to pursue any of their claims.  As

10   shown in detail below, Plaintiffs' Complaint ignores the requisite elements required

11   for any of their eleven different causes of action.  As such, controlling legal

12   authority does not support any claim for relief under any of Plaintiffs' faulty

13   theories.

14   **II.    PROCEDURAL HISTORY AND BACKGROUND**

15        **A.    The First State Court Action And Two State Appeals**

16        On July 20, 2009, Plaintiffs commenced a civil action against Defendant in

17   the Los Angeles County Superior Court entitled *Markowicz, et al. v. Downey, et al.*,

18   Case No. BC418153 (the "First State Court Action").[1]  (*See* Defendant's Request

19   for Judicial Notice ("RJN") Exh. A.)  The complaint in the First State Court Action

20   asserted five causes of action alleging improprieties in the origination, servicing

21   and assignment of the HELOC.  (*See* RJN Exh. B.)  On February 2, 2011, Plaintiffs

22   filed the operative Second Amended Complaint ("SAC"), wherein they asserted

23   causes of action against Defendant alleging that (1) WaMu acted improperly during

24   the origination of their HELOC; (2) their HELOC was void because it was procured

25   by fraud, and (3) as a result Defendant could not have been assigned any interest in

26   their HELOC when WaMu failed in 2008.  (*See* RJN Exh. C ¶¶ 18-85).  All of the

27

28

---

[1] On June 1, 2010, Plaintiffs added Defendant JPMorgan Chase Bank, N.A. as "Doe 2" in the First Amended Complaint.  (*See* RJN Exh. A)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

2

MEMORANDUM OF
POINTS AND AUTHORITIES

claims in the First State Court Action are based on the same HELOC and DOT at issue here.  On April 21, 2011, Defendant was dismissed from the First State Court Action on the merits and entered judgment (the "State Court Judgment") in Defendant's favor on May 4, 2011.  (*See* RJN Exhs. D-E.)

On June 10, 2011, Plaintiffs appealed to the California Court of Appeal, Case No. B233602 (the "State Court Appeal").  (*See* RJN Exhs. F-G.)  On August 29, 2012, the appellate court affirmed the State Court Judgment.  (*See* RJN Exh. H.) On January 18, 2013, Plaintiffs filed a petition for review with the California Supreme Court, which was denied on February 4, 2013.  (*See* RJN Exh. I.)

## B.      The First District Court Action

Despite having had their claims rejected by the California trial court, appellate court, and Supreme Court, Plaintiffs pursued these claims in federal court by challenging the Superior Court judge that rendered the initial dismissal.  On March 11, 2013, Plaintiffs filed *Markowicz v. Superior Court,* Case No. 2:13-cv-01731-CAS-RZ ("First District Court Action").  (*See* RJN Exh. J.)  Plaintiffs claimed that the Superior Court Judge improperly dismissed their First State Court Complaint.  (*See* RJN Exh. K.)  Magistrate Judge Zarefsky rejected Plaintiffs' claims and determined that *Rooker-Feldman* barred such a challenge to state-court rulings.  *Markowicz v. Superior Court,* 2013 U.S. Dist. LEXIS 72095, *3-4 (C.D. Cal. 2013) (*accepted by Markowicz v. Superior Court*, 2013 U.S. Dist. LEXIS 72099 (C.D. Cal. 2013)).  On May 17, 2013, Judge Snyder accepted Magistrate Judge Zarefsky's Report and Recommendation and dismissed the First District Court Action and entered judgment in favor of defendants.  (*See* RJN Exhs. J-N.)

## C.      The Current Action

Now, approximately nine months after Judge Snyder dismissed the First District Court Action, Plaintiffs filed the instant action.  The eleven causes of action in the Complaint fall into two categories (i) the HELOC Claims, based on the same allegations that were in the First State Court Action; and (ii) new HAMP Claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

3

MEMORANDUM OF
POINTS AND AUTHORITIES

1    Plaintiffs' causes of action 1-6, 10 and 11 are the HELOC Claims and the causes of

2    action 7- 9 are the HAMP Claims.

3    **III.**   **MOTION TO DISMISS**

4          Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal

5    sufficiency of the complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

6    2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual

7    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

8    *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868

9    (2009).  In ruling on a Rule 12(b)(6) motion, the Court is to accept as true the

10   factual allegations of the complaint; however, allegations amounting to nothing

11   more than legal conclusions are not entitled to the assumption of truth.  *Id.*

12   **IV.**   **ARGUMENT**

13         **A.**   **Plaintiffs' HELOC Claims Are Barred By *Res Judicata***

14         California courts have uniformly held, "[r]es judicata prevents litigation of

15   all grounds for, or defenses to, recovery that were previously available to the

16   parties, ***regardless of whether they were asserted or determined in the prior***

17   ***proceeding***.  *Res judicata* thus encourages reliance on judicial decisions, bars

18   vexatious litigation, and frees the courts to resolve other disputes."  *Ellis v. Reddy*,

19   2013 U.S. Dist. LEXIS 65210, *3 (E.D. Cal. 2013) (citation omitted) (emphasis

20   added); *see also Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d

21   362, 364 (9th Cir. 1993) ("California recognizes that the doctrine of *res judicata*

22   will bar not only claims actually litigated in a prior proceeding, but also claims that

23   could have been litigated" in the prior suit.); *see Nordhorn v. Ladish Co., Inc*., 9

24   F.3d 1402, 1405 (9th Cir. 1993).

25               **1.**   **The HELOC Claims Were Raised Or Could Have Been**
                  **Raised In the First State Court Action**

26

27         Plaintiffs' HELOC Claims were brought, could have been brought, or rely on

28   issues previously litigated in the First State Court Action and are, therefore, barred

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

4

MEMORANDUM OF
POINTS AND AUTHORITIES

by the doctrine of *res judicata*. Under California law, courts "employ the 'primary rights' theory to determine what constitutes the same 'cause of action' for [*res judicata*] purposes." *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004). Under the primary rights theory, a "cause of action" is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *City of Martinez v. Texaco Trading & Transp., Inc*., 353 F.3d 758, 762 (9th Cir. 2003); *Payne v. Mono County*, 2013 U.S. Dist. LEXIS 69385, *24 (C.D. Cal. 2013) (emphasis added).

Here, Plaintiffs' HELOC Claims are barred by the doctrine of *res judicata*. The factual allegations in both matters relate to the same subject matter, the same alleged injury and the same alleged misconduct. (*See gen*. Compl.; RJN Exh. C.) Specifically, Plaintiffs' Complaint and the First State Court Action both were based on allegations that WaMu acted improperly during the origination of Plaintiffs' HELOC and as a result Defendant could not have been assigned any interest in their loan. (*See gen*., Compl.; RJN Exh. C.) These allegations have already been addressed squarely by the state courts. (RNJ Exh. H.)

The similarity between the HELOC Claims and the First State Court Action are obvious on their face. For example, in the First State Court Action, Plaintiffs asserted claims against Defendant for: cancellation or rescission (third cause of action) and quiet title (fourth cause of action). In the Complaint, Plaintiffs have again asserted causes of action for: cancellation of instruments (fourth cause of action) and quiet title (second cause of action). Accordingly, these two causes of action are unquestionably precluded under *res judicata*. *See Palomar Mobilehome Park Ass'n,* 989 F.2d at 364. Similarly, the issue of the HELOC and the DOT's validity and their assignment to Defendant was previously adjudicated in the First State Court Action. Plaintiffs are now precluded by *res judicata* from re-litigating this issue. Therefore, the remaining HELOC Claims (causes of action 1, 3, 5, 6, 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

5

MEMORANDUM OF
POINTS AND AUTHORITIES

and 11) fail as a matter of law because they are all based on allegations surrounding the validity and assignment of the HELOC and the DOT, and therefore should have been raised, could have been raised or rely in part on previously litigated issues, in the First State Court Action.

### 2. Judgment Was Entered On The Merits In The First State Court Action

On April 21, 2011, the Superior Court dismissed Defendant from the First State Court Action on the merits with prejudice and entered judgment in Defendant's favor on May 4, 2011.  (*See* RJN Exhs. D-E).  "A judgment given after the sustaining of a general demurrer on a ground of substance…may be deemed a judgment on the merits…."  *Brambila v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 157203, *12 (N.D. Cal. 2012).  Such is the case here.  The First State Court Action was dismissed based on the superior court sustaining Defendant's demurrer after finding Plaintiffs had failed to state a claim.  (*See* RJN Exhs. D-E.)  Additionally, the appellate court recognized that a final judgment was issued by the superior court.  (*See* RJN Exh. G (Plaintiff "appeals from a judgment entered against him following the trial court's order.").)  Accordingly, the prior judgment was entered on the merits for *res judicata* purposes.

### 3. The First State Court Action And The Complaint Have Identical Parties

Plaintiffs brought both the First State Court Action and the Complaint, and JPMorgan Chase Bank, N.A. is a named defendant in both actions.  (*See gen.*, Compl. and RJN Exh. A, C.)  Therefore, Defendant may assert *res judicata* in the instant action because both lawsuits involved the same parties.  *See Nordhorn*, 9 F.3d at 1405.

Accordingly, as causes of action 1-6, 10 and 11 in the Complaint are all based on grounds that were previously available to Plaintiffs in the First State Court Action, they are all barred by the doctrine of *res judicata,* as a final judgment was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

6

MEMORANDUM OF
POINTS AND AUTHORITIES

issued on the merits in the First State Court Action, and the parties are identical.

### B. Plaintiffs' HELOC Claims Are Barred Under The *Rooker-Feldman* Doctrine

Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state." *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). This Court may not serve as an appellate court and review Judge Sohigian's prior order and judgment, the California Court of Appeal's affirmation of that order and judgment, and the California Supreme Court's denial of review. *See Glade v. Glade*, 38 Cal.App.4th 1441, 1450 (1995). As in the First District Court Action, under the *Rooker-Feldman* doctrine this Court should decline subject-matter jurisdiction to review the state court's decision in the First State Court Action on the merits. *See Markowicz*, 2013 U.S. Dist. LEXIS 72095 at *4-7 ("Plaintiffs *are* challenging unfavorable state court rulings" and *Rooker-Feldman* bars "cases brought by state-court losers.") (emphasis in original); *see also Exxon Mobil Corp. v. Saudi Indus. Corp*., 544 U.S. 280, 283-84; 125 S. Ct. 1517; 161 L. Ed. 2d 454 (2005). Accordingly, the HELOC Claims are barred on the independent ground of *Rooker-Feldman* because Plaintiffs, state-court losers, are seeking "appellate" review of a state court judgment.

### C. Plaintiffs Fail To State A Claim For Any Cause of Action

#### 1. First Cause Of Action: Plaintiffs Fail To State A Claim Under *Cal. Civ. Code* § 1750

Plaintiffs' challenge to Defendant's right to collect mortgage payments and claim that Defendant violated Consumer Legal Remedies Act ("CLRA") *Cal. Civ. Code* § 1750, *et seq.* by improperly servicing, collecting and instituting foreclosure proceedings on their loan fails as a matter of law. (*See* Compl. ¶¶ 133-140). The CLRA makes unlawful certain "unfair methods of competition and unfair or deception acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." *Cal. Civ. Code* § 1770(a). "Services" are defined as "work, labor, and services for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

7

MEMORANDUM OF
POINTS AND AUTHORITIES

other than a commercial or business use, including services furnished in connection with the sale or repair of goods." *Id.* at § 1761(b).   California courts have consistently found that the collection of payments pursuant to a contractual obligation is not a "service" and does not violate the CLRA.  *See Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1015, 1016-17 (N.D. Cal. 2009.  Accordingly, courts have consistently dismissed CLRA claims premised entirely on a borrower's challenge to the validity of a mortgage loan.  *See Consumer Solutions REO, LLC,* 658 F.Supp.2d  at 1015, 1017.  Plaintiffs concede that they executed the HELOC and DOT which obligated them to remit monthly principal and interest payments.  (*See gen*., Compl.; RJN Exh. O.)  As such, Defendant's receipt of such monthly payments is not a violation of the CLRAand Plaintiff's first cause of action should be dismissed.

## 2.    Second Cause Of Action:  Plaintiffs Have Failed To State A Claim For Quiet Title

Plaintiffs allege that Defendants "have no right to title or interest" in the Property and, therefore, seeks to quite title in their benefit, but offer no facts or basis for their claims that Plaintiffs deserve title. (Compl. ¶ 143.)  "The purpose of a quiet title action is to establish one's title against adverse claims to real property.  A basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, i.e., that they have satisfied their obligation under the Deed of Trust."  *Yanik v. Countrywide Home Loans, Inc.,* 2010 U.S. Dist. LEXIS 115717, * 19-20 (C.D. Cal. 2010).  The California Supreme Court has held that it is "settled...that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see also Rosas v. Carnegie Mort., LLC,* 2012 U.S. Dist. LEXIS 71262, *22-23 (C.D.Cal. 2012.)  Courts in the Central District have repeatedly cited the rule that the mortgagee must pay the debt first in dismissing claims for quiet title. *See, e.g., Rosas,* 2012 U.S. Dist. LEXIS 71262 at *23; *Yanik,* 2010 U.S. Dist. LEXIS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

8

MEMORANDUM OF
POINTS AND AUTHORITIES

115717, * 19-20.  Importantly, a "plaintiff in a quiet title suit is not helped by the weakness of his adversary's title but must stand on the strength of his or her own," such that a quiet title claim does not exist simply because Plaintiffs challenge Defendant's right to title.  *Shimpones*, 219 Cal. at 649.  Here, Plaintiffs have not satisfied the legal prerequisite to a quiet title claim because they fail to allege that they have tendered the amount due on their loan obligations.  Indeed, because Plaintiffs concede that there are amounts outstanding and owed on the HELOC, this cause of action must be dismissed.

### 3.    Third Cause Of Action:  Plaintiffs Have Failed To State A Claim For Slander Of Title

Plaintiffs allege that Defendant slandered their title based on the recordation of a Notice of Default ("NOD"), Substitution of Trustee ("Substitution"), Assignment of Deed of Trust ("Assignment") and Notice of Trustee's Sale ("NOTS").  (*See* Compl. ¶ 148.)  To properly plead a cause of action for slander of title, Plaintiffs must allege: (1) a publication; (2) which is without privilege or justification; (3) which is false, and (4) which causes direct and immediate pecuniary loss.  *See Manhattan Loft. LLC v. Mercury Liquors. Inc*., 173 Cal.App.4th 1040, 1050-1051 (2009).  Plaintiffs' Complaint fails to establish these elements.  The recording, mailing and delivering of the NOD, Substitution, Assignment, and NOTS are per se privileged acts and negate any claim for slander of title.  Under *Cal. Civ. Code* § 2924(d) and *Cal. Civ. Code* § 47, the "mailing, publication, and delivery" of foreclosure notices and "performance" of foreclosure "procedures" are "privileged communications."  Following the Civil Code, courts have concluded "that the protection granted to nonjudicial foreclosure…is qualified common interest privilege of section 47, subdivision (c)(1)."  *Flores v. EMC Mortg. Co.,* 2014 U.S. Dist. LEXIS 20772, *69-71 (E.D. Cal. 2014); *see also Dubose v. Suntrust Mortg., Inc.,* 2012 U.S. Dist. LEXIS 55356, *9 (N.D. Cal. 2012).  Further, foreclosure notices do not slander title in that they do not disparage land.  *See Ortiz*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

9

MEMORANDUM OF
POINTS AND AUTHORITIES

*v. Accredited Home Lenders, Inc.,* 639 F.Supp.2d 1159, 1168 (S.D.Cal. 2009). Thus, the recording, mailing or delivery of foreclosure documents are privileged and cannot support a claim for slander of title and this cause of action should be dismissed.[2]

### 4.    Fourth Cause Of Action:  Plaintiffs Have Failed To State A Claim For Cancellation

Plaintiffs claim for cancellation of the NOD, Assignment, and NOTS fails as a matter of law.  Under *Cal. Civ. Code* § 3412, a written instrument may be canceled only if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person again whom it is void or voidable."  Plaintiffs must also establish standing to make such a claim and demonstrate a reasonable apprehension of "serious injury."

Plaintiff does not have standing to assert the right to cancellation.  Plaintiffs primarily argue that the Assignment from WaMu to Defendant was improper and, therefore, the NOD and NOTS filed by Defendant are improper.  (*See* Compl. ¶ 158) (Defendant "caused the recordation of the NOD, the Assignment of the DOT, and the NOTS instruments to be prepared and recorded without a factual or legal basis for doing so.")  Plaintiffs do not, because they cannot, allege facts to establish standing to challenge the Assignment.  Indeed, not only did the First State Court Action already reject Plaintiffs' challenge as to the validity of the Assignment (*See* RJN Exhs D-E), but Plaintiffs do not even allege to be a party or third party beneficiary to the Assignment, and therefore they have no grounds to challenge the Assignment.  *See Moriarity v. Nationstar Mortgage, LLC*, 2014 U.S. Dist. LEXIS 26169, *12 (E.D. Cal. 2014); *see also Velasco v. Sec. Nat'l Mortg. Co.*, 823 F.Supp.2d 1061, 1067 (D. Haw. 2011).  "It follows that Plaintiffs also lack standing

---

[2] To the extent that Plaintiffs' third, fourth, sixth, tenth and eleventh causes of action are premised on the recording of the NOD in 2010 (*see* RJN Exh. P), these causes of action also fail as they are time-barred.  *See Cal. Civ. Proc. Code* §§ 337, 338 & 343; *Cal. Bus. & Prof Code* § 17208.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

10

MEMORANDUM OF
POINTS AND AUTHORITIES

1  to challenge the Substitution, NOD, and NOTS, because they do not have standing
2  to challenge the Assignment." *Banares v. Wells Fargo Bank, N.A*., 2014 U.S. Dist.
3  LEXIS 29909, *17 (N.D. Cal. 2014).  (Plaintiffs lack standing to challenge a
4  Substitution, NOD or NOTS because they cannot challenge the Assignment).  As
5  the validity of the Assignment is valid, Plaintiffs' claim for cancellation must fail.

6      Moreover, Plaintiffs have failed to plead sufficient facts to establish a
7  "serious injury" such that the NOD, Assignment, and NOTS are void or voidable.
8  Plaintiffs have not alleged how their obligations under the HELOC have changed
9  nor have they identified any "serious injury" that would result from the NOD,
10  Assignment, and NOTS, let alone whether such documents are void or voidable.
11  *See Siliga v. Mortgage Electronic Registration Systems, Inc.*, 219 Cal.App.4th 75,
12  85 (2013).  Plaintiffs' simple allegation that they will "suffer loss and damages" is
13  insufficient.  Accordingly, Plaintiffs' claim for cancellation should be dismissed.

14          **5.    Fifth Cause Of Action:  Plaintiffs Fail to State A Claim For**
15          **Violation Of The Rosenthal Act**

16      Plaintiffs' fifth cause of action for violation of the Rosenthal Act, *Cal. Civ.*
17  *Code* § 1788, *et seq*. (the "Rosenthal Act") is completely devoid of any facts to
18  support such a claim.  To state a claim under the Rosenthal Act, Plaintiffs must
19  properly plead that Defendant was a "debt collector…engaging in unfair or
20  deceptive acts or practices in the collection of consumer debts." *Cal. Civ. Code* §
21  1788.1.  Here, Plaintiffs not only fail to identify the provision of the Rosenthal Act
22  that was allegedly violated, but also fail to assert how Defendant allegedly violated
23  the Act or how the Act applies here.  (Compl. ¶ 164.)

24      This claim fails for four reasons.  *First*, as discussed above, the First State
25  Court Action has already determined the validity of the Assignment of the HELOC,
26  and, as such, the issues cannot be re-litigated before the Court.  *Second*, this claim
27  is time-barred to the extent it is premised on Defendant's public recordation of
28  foreclosure documents and initiated foreclosure proceedings in 2010.  *See* Compl. ¶

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
DB2/ 25020597                                11                    MEMORANDUM OF
                                                          POINTS AND AUTHORITIES

164; *see also Bennett v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 172991 (C.D. Cal. 2013) ("the Rosenthal Act contain[s] statutes of limitation that run one year from the date of the violation. Cal. Civ. Code § 1788.30(f)."). *Third,* as noted above, the Complaint is completely devoid of any facts identifying how the Rosenthal Act even applies to this case, yet alone how the Act was violated by Defendant.  By failing to plead sufficient factual details regarding Defendant's objectionable actions, a Rosenthal Act claim cannot stand.  *See Zakar v. CHL Mortgage Pass-Through Trust 2006*, 2011 U.S.Dist. LEXIS 118763, *12-13 (S.D.Cal. 2011) (dismissing Rosenthal Act claim for failure to plead sufficient facts).  *Last*, a foreclosure pursuant to a deed of trust, as is the case here, does not constitute debt collection under the Rosenthal Act.  *See, e.g., Izenberg*, 589 F.Supp.2d at 1199; *Zakar*, 2011 U.S.Dist. LEXIS at *12-13; *Sipe v. Countrywide Bank* , 690 F.Supp.2d 1141, 1151 (E.D.Cal. 2010) ("[F]oreclosure pursuant to a deed of trust does not constitute debt collection under the [Rosenthal Act].") (citation omitted); *Canales v. Fed. Home Loan Mortg. Corp.,* 2011 U.S. Dist. LEXIS 83860, * 15 (C.D. Cal. 2011) ("foreclosing on a property pursuant to a deed of trust is not considered debt collection."); *Reyes-Aguilar v. Bank of Am.*, 2014 U.S. Dist. LEXIS 37036, *49 (N.D. Cal. 2014).

### 6. Sixth Cause Of Action:  Plaintiffs Fail To State A Claim For A Violation Of *Cal. Bus. & Prof. Code* § 17200

#### a. Plaintiffs Do Not Have Standing To Bring UCL Claim

Plaintiffs do not have standing to bring a claim under *Cal. Bus. & Prof. Code* § 17200 *et seq.* (the "UCL").  To have standing, Plaintiffs "must… demonstrate injury in fact and a loss of money or property caused by unfair competition." *Peterson v. Cellco P'ship*, 164 Cal.App.4th 1583, 1590 (2008).  Plaintiffs must allege a "distinct and palpable injury," one that is "concrete and particularized" and "not conjectural or hypothetical."  *Id*.  While Plaintiffs' UCL claim is based on the erroneous theory that Defendant is not authorized to enforce the terms of the

HELOC and DOT, Plaintiffs have not articulated any actual pecuniary loss other than being required to make mortgage payments pursuant to their HELOC.  *See e.g.*, Compl. ¶ 170; *see also Auerbach v. Great Western Bank*, 74 Cal.App.4th 1172, 1185 (1999).  Instead, Plaintiffs vaguely claim to have suffered financial harm, psychological stress and damaged credit; none of which can be directly attributed to Defendant rather than to their own failure to re-pay their debts.  *See Winding v. Cal-Western Reconveyance Corp.,* 2011 U.S. Dist. LEXIS 8962, * 24-25 (E.D. Cal. 2011);  *Sterling Sav. Bank v. Poulsen,* 2013 U.S. Dist. LEXIS 105948 (N.D. Cal. 2013).

### b.      Plaintiffs Fail To State A Claim Under The UCL

The UCL establishes three types of unfair competition: acts or practices which are (1) unlawful, or (2) unfair or (3) fraudulent.  *See Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co*., 20 Cal.4th 163, 180 (1999).  As detailed below, Plaintiffs fail to assert a UCL claim under any of the three prongs.

### (1)      Plaintiffs Have Failed To Allege An Unlawful Business Act Or Practice

To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law.  *See Lazar v. Hertz Corp*., 69 Cal.App.4th 1494, 1505 (1999) ("In effect, the UCL borrows violations of other laws-such as the state's antidiscrimination laws-and makes those unlawful practices actionable under the UCL").  Thus, a UCL claim stands or falls depending on the fate of antecedent substantive causes of action.  *See Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178 (2001).  In support of this claim, Plaintiffs merely state that the antecedent substantive causes of action are "as fully set forth above" and then list ten "examples" of alleged deceptive business practices. (*See* Compl. ¶ 170(a)-(j).) Plaintiffs do not provide any additional facts to support the ten "examples," or provide any details as to what claims "set forth above" are being incorporated into

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

13

MEMORANDUM OF
POINTS AND AUTHORITIES

the UCL claim or provide evidence of a violation of any law.  For the reasons discussed throughout this motion, because each and every one of the causes of action pled against Defendant fails as a matter of law, and so too must Plaintiffs' UCL claim.

### (2)   Plaintiffs Have Failed To Allege An Unfair Business Act Or Practice

A business act is "unfair" when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  *See S. Bay Chevrolet v. Gen. Motors Acceptance Corp*., 72 Cal.App.4th 861, 886-87 (1999); *see also Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 941 (2009).  A plaintiff alleging unfair business practices "must state with reasonable particularity the facts supporting the statutory elements of the violation."  *See Khoury v. Maly's of Cal., Inc*., 14 Cal.App.4th 612, 619 (1993).

Here, Plaintiffs have not articulated any conduct that offends an established public policy nor have they alleged any conduct that is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  Plaintiffs' claim rests exclusively on the allegation that Defendant failed to modify their loan under HAMP.  (*See* Compl. ¶ 177).  Plaintiffs cannot merely disguise their HAMP claim as a UCL claim.  *See Gale v. Aurora Loan Servs*.  2011 U.S. Dist. LEXIS 53577 (D. Utah 2011); *see also Toneman v. United States Bank,* 2013 U.S. Dist. LEXIS 98996, * 77-78 (C.D. Cal. 2013) .  Further, for reasons discussed more thoroughly below, Plaintiffs have provided no evidence that Defendant was obligated to modify their loan under *any* program.  *See Pazargad v. Wells Fargo Bank, N.A*., 2011 U.S. Dist. LEXIS 94850, * 7-8 (C.D. Cal. 2011)

### (3)   Plaintiffs Have Failed To Allege A Fraudulent Business Act Or Practice

A UCL claim based on the "fraud" prong must meet Rule 9's heightened pleading standard, which Plaintiffs have failed to do here.  *See* Fed. R. Civ. P. 9(b);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

14

MEMORANDUM OF
POINTS AND AUTHORITIES

*see also Kearns v. Ford Motor Co.*, 567 F. 3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of the … UCL.")  "In a fraud action against a corporation [Plaintiffs are required] to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote and when it was said or written." *Rowen v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 81991, *11 (C.D. Cal. 2012).  In other words, allegations of fraud must be specific enough to give Defendant notice of the particular misconduct so that it can defend against the charges.  *See Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 51296, *6 (N.D. Cal. 2009).

Here, Plaintiffs have not pled their fraud claim with any specificity.  In a single paragraph, Plaintiffs merely allege that Defendant through "fraudulent acts and practices" has improperly obtained money from class members.  (Compl. ¶ 186.)  Simply, there are no facts to identify any "fraudulent acts and practices."  Accordingly, because fail to state a claim as to any of the three prongs of the UCL, this claim must be dismissed.

### 7. Seventh, Eighth and Ninth Causes of Action:  Plaintiffs Fail To State Any Claim Under HAMP

Plaintiffs' Seventh and Eighth causes of action are essentially identical and, as with the Ninth cause of action, are grounded on the allegation that Defendant did not modify Plaintiffs' loan in accordance with the HAMP program.  For the reasons discussed more thoroughly below, Plaintiffs have: (1) no standing to bring an action under HAMP; (2) failed to plead facts to demonstrate that they even qualified for a HAMP modification; (3) failed to plead the existence of any contract to which they are a party or beneficiary; and (4) failed to allege sufficient facts suggesting that Defendant promised to permanently modify their loan.  As such, all of Plaintiffs' HAMP Claims fail as a matter of law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

15

MEMORANDUM OF
POINTS AND AUTHORITIES

**a.      There Is No Private Right Of Action For Failure To Secure A HAMP Modification**

Despite Plaintiffs' allegation to the contrary, it is settled, that: (1) there is no private right of action under HAMP; and (2) lenders do not have a duty to provide borrowers with a loan modification under HAMP.  *See Bastida v. Indymac Bank,* 2011 U.S. Dist. LEXIS 75586, *9 (C.D. Cal. 2011) ("Plaintiffs have no standing to sue under HAMP, which does not allow for a private right of action under HAMP."); *Cleveland v. Aurora Loan Servs., LLC*, 2011 U.S. Dist. LEXIS 55168, *10-11 (N.D. Cal. 2011).

**b.      Plaintiffs Were Never Eligible Under HAMP**

To qualify for a HAMP modification, a borrower must meet certain criteria. One of the conditions a borrower must meet is that "the unpaid principal balance on the mortgage is less than or equal to $729,750."  *Rosas,* 2012 U.S. Dist. LEXIS 71262 at * 5-6 (listing the criteria to qualify for a HAMP loan modification.). While Plaintiffs have premised much of their case on Defendant's failure to provide a HAMP modification, the allegations in the Complaint demonstrate that Plaintiffs do not meet all the criteria necessary for a HAMP modification.  Plaintiffs have alleged that their loan was in the amount of $862,500 and public record indicates that Plaintiffs' total arrearages were beyond HAMP's maximum threshold of $729,750.  (*See* Compl. ¶ 62; RJN Exh. Q.)  Accordingly, based on Plaintiffs' own allegations, confirmed with public records, Plaintiffs were never eligible for a HAMP modification.

**c.      Plaintiffs Have No Contract Right To A Loan Modification (Seventh Cause of Action)**

Plaintiffs' Seventh Cause of Action asserts a breach of a "Trial Payment Plan" ("TPP") agreement with Defendant.  Missing from Plaintiffs' Complaint – and from reality – is the existence or even allegation of the existence of a TPP agreement.  Plaintiffs' failure to plead facts sufficient to establish the existence of a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

16

MEMORANDUM OF
POINTS AND AUTHORITIES

contract with Defendant is fatal to their breach of contract claim.  To succeed with a breach of contract claim, Plaintiffs must establish:  (1) the existence of a contract; (2) Plaintiffs' performance or excuse for nonperformance; (3) Defendant's breach; and (4) resulting damages.  *See Vaccarino v. Midland Nat'l Life Ins. Co*., 2013 U.S. Dist. LEXIS 88612, *56 (C.D. Cal. 2013).  Moreover, where a written instrument is the foundation of a cause of action, the terms must be pled exactly *in haec verba* by (1) attaching a copy as an exhibit and incorporating it by proper reference or (2) by setting out its terms verbatim in the body of the complaint.  *See Valvoline Instant Oil Change v. RFG, Inc.*, 2013 U.S. Dist. LEXIS 110753, *14 (S.D. Cal. 2013).

Here, the Complaint is silent as to the existence of any contract with Defendant to modify their HELOC.  Plaintiffs do not allege that they executed a TPP or that any such agreement was ever reduced to writing for their HELOC.  Instead, Plaintiffs rely on vague, general allegations about the existence of modification contracts generally, but provide no details.  *See Martinez v. Wells Fargo Bank, N.A.,* 2014 U.S. Dist. LEXIS 53924, *8 (N.D. Cal. Apr. 2014) ("A claim for breach of contract in California requires [the actual] existence of [an executory] contract…").  Plaintiffs' breach of contract claim may not survive a challenge to the pleading merely by alleging that unnamed, undefined putative members of the "Sub-Class" *may have* had written agreements for loan modification with Defendant.  *See* Compl. ¶ 196; *see also Coleman v. Jenny Craig, Inc.,* 2013 U.S. Dist. LEXIS 176294, *14-16 (S.D. Cal. Nov. 27, 2013).

Moreover, even if Plaintiffs properly alleged the existence of a contract, which they do not, "several courts have found that HAMP trial plans do not create binding contracts requiring permanent modifications." *Rosas,* 2012 U.S. Dist. LEXIS 71262 at *16 fn 5 (noting that "it is unlikely that plaintiffs' would be able to state a viable claim for breach of TPPS" and collecting cases).  As Plaintiffs have failed to plead *any* facts or details about their alleged contract with Defendant,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
DB2/ 25020597

17

MEMORANDUM OF
POINTS AND AUTHORITIES

Plaintiffs' contractual claim should be dismissed.[3]

### d.   Plaintiffs Are Not Third Party Beneficiaries To The HAMP-SPA (Eighth Cause of Action)

Despite Plaintiffs' contentions in support of their Eighth Cause of Action for Breach of the HAMP Servicer and Participation Agreement ("SPA") between Defendant and the Federal Home Loan Mortgage Association ("Fannie Mae"), Plaintiffs are not third party beneficiaries thereunder and do not have standing to enforce its terms.  (*See* Compl. ¶¶ 205-210.)

Before a third party can recover under a contract, a plaintiff "must show that the contract was made for its direct benefit - that it is an intended beneficiary of the contract."  *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 2000).  "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary."  *Id*. at 1211.  Further, federal courts in California have *consistently* held that borrowers are not intended third party beneficiaries of the HAMP SPA and are not granted enforceable rights.  *See Hoffman v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 70455, *8-10 (N.D. Cal. 2010) ("it would be unreasonable" for a borrower to "rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement *does not actually require that the servicer modify all eligible loans, nor does any of the other language of the contract demonstrate that the borrowers are intended beneficiaries*." (emphasis added).)  Accordingly, Plaintiffs are not third party beneficiary under the HAMP-SPA and their cause of action for third party beneficiary should be dismissed.

---

[3] As Plaintiffs have not alleged the existence of a contract with Defendant, their claim for breach of the duty of good faith and fair dealing necessary fails as well. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968 (N.D. Cal. 2010) (claim for breach of implied covenant of good faith and fair dealing requires existence of underlying contract.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### e.   Plaintiffs Have Failed To State A Claim For Promissory Estoppel (Ninth Cause of Action)

Plaintiffs' claim for promissory estoppel under HAMP also fails as a matter of law.  To state a claim for promissory estoppel, Plaintiff must allege facts to demonstrate "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."  *Nguyen v. Pennymac Loan Servs., LLC*, 2012 U.S. Dist. LEXIS 173519, *20-22 (C.D. Cal. 2012).  Plaintiffs have not set forth sufficient facts to satisfy any of the four requisite elements.

Plaintiffs have failed to allege any facts in the Complaint that they were in a temporary modification program and were told by Defendant that they would receive a permanent loan modification.  As with the direct contract claim, Plaintiffs provide no specifics and only allege generally, with no details, that unnamed, unknown putative members of the "Sub-Class" were induced to rely on representations made by Defendant.  (Compl. ¶ 213.)  Plaintiffs, by failing to allege the details of any representation made directly to them by Defendant, upon which they relied to their detriment, fail to satisfy any of the elements of a promissory estoppel claim and cannot pursue this claim on behalf of themselves or any putative class.  For the foregoing reasons, the promissory estoppel claim fails and should be dismissed.

### 8.   Tenth Cause of Action:  Plaintiffs Have Failed To State A Claim For Unjust Enrichment

Plaintiffs' claim for unjust enrichment is premised entirely on a conclusory assertion that Defendant was never properly assigned Plaintiffs' mortgage and then "filed illegal Notices attempting to take ownership of Plaintiffs' property." (Compl. ¶ 221.)  Based on this claim, Plaintiffs allege that Defendant was not entitled to receive any mortgage payments.  (Compl. ¶ 220.)  As the Assignment is proper and Plaintiffs' challenge to the Assignment was properly addressed in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25020597

19

MEMORANDUM OF
POINTS AND AUTHORITIES

First State Court Action, as discussed *supra*, Defendant was entitled to receive payments as the mortgage servicer.  Accordingly, Plaintiffs' claim for unjust enrichment should be dismissed.

        **9.**     **Eleventh Cause Of Action:  Plaintiffs' Declaratory & Injunctive Relief Claims Fail**

Plaintiffs' claims for declaratory and injunctive relief are not legally cognizable.  Injunctive relief and declaratory relief are prayers for relief and not independent causes of action.  *See, e.g., Rosas,* 2012 U.S. Dist. LEXIS 71262 at *31 (*citing Canales,* 2011 U.S. Dist. LEXIS 83860 (*quoting McDowell v. Watson*, 59 Cal.App.4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself, a cause of action.").)  As such, this cause of action should be dismissed.

**V.**    **CONCLUSION**

There are no changes to the pleadings that could revive any of Plaintiffs' claims.  As such, Defendant respectfully requests that this Court dismiss the Complaint **with prejudice**.  Five years is long enough; it is time for this saga to end.

Dated: May 2, 2014                Respectfully submitted,

                                     MORGAN, LEWIS & BOCKIUS LLP

                               By: /s/ Kathleen A. Waters
                                 KATHLEEN A. WATERS

                               *Attorneys for Defendant*
                               JPMORGAN CHASE BANK, N.A.